IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **SMALLBIZPROS, INC., d/b/a PADGETT BUSINESS SERVICES**,<br><br>Plaintiff,<br><br>v.<br><br>**JAMES MERANTE and BOOKSMARTS, INC. d/b/a/ BOOKSMARTS TAX AND ACCOUNTING SERVICES,**<br><br>Defendants. | CIVIL ACTION NO. __3:15-cv-33__ |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff SmallBizPros, Inc. d/b/a Padgett Business Services ("Padgett") files this Complaint for Injunctive Relief and Damages against Defendants James Merante and Booksmarts, Inc., d/b/a BookSmarts Tax and Accounting Services ("BookSmarts"), and states as follows:

**NATURE OF THE ACTION**

1.  Padgett brings this action against Merante, a former Padgett franchisee, and BookSmarts, his new employer. By continuing to serve his former Padgett clients after the termination of his franchise agreement with Padgett, and by failing to return intellectual and tangible property belonging to Padgett, Merante has breached his post-termination obligations under the franchise agreement between the parties and a subsequent franchise modification agreement that permitted Merante to leave Padgett and go to work for BookSmarts. Merante and BookSmarts have engaged in unfair competition with Padgett in violation of the Lanham Act.

1

And BookSmarts has tortuously interfered with the contract between Padgett and Merante. Because Merante's actions are causing irreparable harm to Padgett and its licensed franchisees, Padgett seeks a preliminary and permanent injunction against Merante and BookSmarts, as well as damages.

## PARTIES

2. Padgett is a Georgia corporation with its principal offices at 160 Hawthorne Park, Athens, Georgia, 30606 and does business as Padgett Business Services and/or Padgett Business Services USA, Inc.

3. Merante is a resident of the State of Pennsylvania and now serves as President of BookSmarts.

4. BookSmarts is a Pennsylvania corporation doing business in and around Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121; and 28 U.S.C. §§ 1331 and 1338(a). Federal jurisdiction is specifically conferred by the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and also is predicated upon the existence of a federal question and principles of pendent jurisdiction. The Court has jurisdiction over Padgett's common law claims under 28 U.S.C. § 1367(a), as those claims are so closely related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Merante because he purposely availed himself of the protection of this forum by negotiating and entering into a franchise agreement requiring continuous and systematic contact with Padgett in the Middle District of Georgia. In addition, Merante has expressly consented in his franchise agreement with Padgett to personal jurisdiction in this District.

8. BookSmarts has consented to this Court's exercise of jurisdiction over this case.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2), and because Merante consented in his franchise agreement with Padgett to venue in this Court for any action arising out of or relating to that agreement.

## STATEMENT OF FACTS

10. Padgett is a business services company that assists small businesses throughout the United States with tax consultation and preparation, government compliance and financial reporting, general business advice, and payroll services.

11. Padgett delivers business services through a network of approximately 400 locally owned and operated offices in the United States and Canada.

12. Padgett markets and provides its services through a unique system that it developed at significant effort and expense. This system is known as the "Padgett Business Services System." Padgett also owns trademarks and other intellectual property.

13. In October 2006 Padgett entered into a written contract with Merante, granting him the non-exclusive right to operate a Padgett franchise within a territory in and around Pittsburgh, Pennsylvania (the "Franchise Agreement").

14. The Franchise Agreement was subsequently amended to approve the transfer of Merante's interest in the Agreement to an entity called Management Horizons Inc., with Merante

agreeing to guarantee the obligations of Management Horizons under the Franchisee Agreement and to adhere to its restrictive covenants.

15. When Merante became a franchisee, Padgett trained him to use the Padgett Business Services System, disclosing trade secrets that are central to Padgett's success.

16. The Franchise Agreement provides that upon its "expiration or termination," Merante is required to (*inter alia*):

- *Stop using Padgett's intellectual property*. See § XII(D)(3) ("immediately cease to use, by advertising or in any manner whatsoever any methods, procedures or techniques associated with the Padgett System in which Padgett has a proprietary right, title or interest, the Proprietary Marks, and any other similar names confusing to the public, and any forms, manuals, slogans, signs, marks, symbols, or devices used in connection with the operation of a Padgett System franchised business.").

- *Transfer his clients to Padgett*. See § XII(D)(5) ("transfer Padgett clients and customers to Padgett for continued servicing, or to another franchisee of Padgett designated by Padgett, and . . . relinquish any and all rights and interests [he] may have in such clients and customers, to Padgett or its designee.").

- *Return Padgett's property to Padgett*. See § XII(D)(4) ("immediately turn over to Padgett all Confidential Manuals, client and customer lists, other trade secrets and confidential information, software and any related code and manuals, forms and files, instruction and similar material and . . . retain no copy or record of any of the foregoing . . . .").

- *Not compete with Padgett for two years*. See § XIII(B) ("in the event this Agreement expires or is terminated for any reasons, Franchisee and any guarantor(s) hereof, and Franchisee's principals and controlling shareholders or interest holders . . . covenant, individually, for a period of two (2) years after such expiration or termination: 1. Not to engage, directly or indirectly, or as an owner or in any managerial capacity, in the operation of any business within the Franchise Territory providing bookkeeping, accounting, income tax or payroll preparation or processing services; [and] 2. Not to solicit, directly or indirectly, any person who at the time of this Agreement's expiration or termination is, or within one (1) year prior to such date was, a Padgett client or customer, to sell or offer to sell any product or service offered by Franchisee's business . . . .").

- *Stop holding himself out as in any way connected to Padgett*. See § XII(D)(3) ("to cease and refrain from holding [himself] out to the public in any way as affiliated or in any way connected with Padgett, and to distinguish [his] business, if any, thereafter so clearly

4

from that of Padgett as to avoid all possibility of any confusion by the public.").

- "Upon Padgett's request, . . . provide Padgett with a complete list of [his] employees, clients, customers, [and] their respective addresses . . . ."  § XII(D)(6).

17.     In 2013 Merante decided he wanted to take a job with BookSmarts.  Because this would have violated the Franchise Agreement, he had to obtain Padgett's consent.

18.     Seeking to accommodate Merante's wishes while protecting its own interests, Padgett entered into a Franchise Modification Agreement with Merante in which Padgett agreed to let Merante go to work for BookSmarts in exchange for Merante's agreement (*inter alia*):

- To transfer his clients back to Padgett as directed by Padgett.  (Franchise Modification Agreement § 1(A)(i).)

- Not to inform any Padgett clients about his new employment with BookSmarts without the express written consent of Padgett.  (§ 1(A)(ii).)

- To forward any requests for services from existing Padgett Clients or prospective new clients to Padgett.  (§ 1(A)(iii).)

- To comply with the post-termination provisions in the Franchise Agreement, including the orderly transfer of Padgett's clients and client files back to Padgett or its designee.  (§ 1(A)(iv).)

- Not to solicit or offer services to any person or entity who was a Padgett client at the time of the termination of the Franchise Agreement or within one year thereof.  (§ 1(A)(v).)

19.     The parties agreed to terminate the Franchise Agreement on April 30, 2013.

20.     Subsequent to the termination of the Franchise Agreement and execution of the Franchise Modification Agreement, and in violation of his obligations under those contracts, Merante, as an employee of BookSmarts, has continued to provide services to his former Padgett clients despite no longer being authorized to do so; has failed to cooperate in the orderly transfer of Padgett clients back to Padgett; and has failed to return documents and

materials to Padgett—including trade secrets and proprietary information that comprise the Padgett Business Services System—that he is contractually required to return.

## FIRST CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION
### (Section 43(a) of the Lanham Act)
### (Merante and BookSmarts)

21. Padgett realleges and incorporates herein by this reference the allegations in the preceding paragraphs as if fully set forth herein.

22. Merante's limited license to use the Padgett Marks and the Padgett Business Services System terminated on April 30, 2013.

23. Since then Merante and BookSmarts have competed unfairly with Padgett, and have otherwise used Padgett's reputation and goodwill to promote, offer and sell small business services which are not sponsored or approved by Padgett.

24. This conduct constitutes unfair competition in one of two ways.

25. If Merante and BookSmarts have represented to customers that Merante is still associated with Padgett, when in fact he is not, they have confused, misled, and deceived the customers as to the origin or affiliation of Merante's services as a means of generating or retaining business.

26. In the alternative, if Merante and BookSmarts have represented to customers that Merante is no longer associated with Padgett, they have confused, misled, and deceived the customers as to the origin or affiliation of his services, as a means of generating or retaining their business, by delivering services using the Padgett Business Services System without authorization and without acknowledging their use of Padgett's intellectual property.

27.     Because Merante and BookSmarts have been secretive in their actions, Padgett is uncertain at this time whether (or to what extent) they are deceiving customers by falsely claiming a continued affiliation with Padgett, or by falsely denying his continued use of the Padgett Business Services System.  Either way, however, Merante and BookSmarts are deceiving customers as to the origin and affiliation of their services, which constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     These actions were performed by use of the means and instrumentalities of interstate commerce and the mail in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.     Padgett has been seriously and irreparably damaged, and unless Merante and BookSmarts are enjoined from continuing, will continue to be so damaged.

30.     Merante and BookSmarts have received substantial revenues and profits to which they are not in equity entitled by their continued use of Padgett's intellectual property and Merante's continued servicing of his former Padgett clients.

31.     Upon information and belief, their conduct is willful, and damages should be trebled as permitted by applicable law.

32.     Padgett has no adequate remedy at law because the harm it suffers is difficult to quantify, such that damages alone cannot fully compensate Padgett for its loss.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT (INJUNCTIVE RELIEF)
### (Merante)

33. Padgett realleges and incorporates herein by this reference the allegations in the preceding paragraphs as if fully set forth herein.

34. The Franchise Agreement and Franchise Modification Agreement are valid contracts between Padgett and Merante.

35. Padgett fully performed its obligations under the Franchise Agreement and Franchise Modification Agreement.

36. The parties agreed to terminate the Franchise Agreement on April 30, 2013.

37. Merante has failed to adhere to his post-termination obligations under the Franchise Agreement. In particular (and without limitation) he has continued to use Padgett's intellectual property; has failed to transfer his clients back to Padgett; has failed to return Padgett's property to Padgett; and has breached his covenant not to compete with Padgett for two years within his former franchise territory.

38. Merante's failure to comply with his post-termination obligations under the Franchise Agreement constitutes a material breach of that Agreement. This breach has caused and continues to cause Padgett damage.

39. Merante has also failed to adhere to his obligations under the Franchise Modification Agreement, including (without limitation), as detailed above, his obligations to transfer his clients back to Padgett as directed by Padgett; not to inform any Padgett clients about his new employment with BookSmarts without the express written consent of Padgett; to forward any requests for services from existing Padgett clients or prospective new clients to Padgett; to comply with the post-termination provisions in the Franchise Agreement, including

the orderly transfer of Padgett's clients and client files back to Padgett or its designee; and not to solicit or offer services to any person or entity who was a Padgett client at the time of the termination of the Franchise Agreement or within one year thereof.

40. Merante's failure to comply with his obligations under the Franchise Modification Agreement constitutes a material breach of that Agreement. This breach has caused and continues to cause Padgett damage.

41. By reason of Merante's breaches, Padgett has been irreparably harmed due to Padgett's loss of business to Merante and his wrongful retention and continued use of its intellectual property. Unless Merante is ordered to immediately comply with his contractual obligations, Padgett will continue to be irreparably harmed.

42. The injury to Padgett includes (without limitation) the loss of customers and revenues, the loss of locational goodwill, and the risk of unfair competition by Merante, who is familiar with and is continuing to use Padgett's trade secrets and methods of business operation.

43. Merante's actions have directly and proximately caused Padgett serious financial damage as well as irreparable injury to its reputation and business system.

44. Padgett has no adequate remedy at law because the harm it suffers is difficult to quantify, such that damages alone cannot fully compensate Padgett for its loss.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT (DAMAGES)
### (Merante)

45. Padgett realleges and incorporates herein by this reference the allegations in the preceding paragraphs as if set forth fully herein.

46. The Franchise Agreement and Franchise Modification Agreement are valid and enforceable contracts between Padgett and Merante.

47. Padgett has fully performed its obligations under the Franchise Agreement and Franchise Modification Agreement.

48. Merante has repeatedly breached his obligations to Padgett under the Franchise Agreement and Franchise Modification Agreement.

49. This conduct by Merante constitutes a material breach of the Franchise Agreement and the Franchise Modification Agreement, for which Padgett has been damaged in an amount that will be proven at trial.

### FOURTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH CONTRACT
### (BookSmarts)

50. Padgett realleges and incorporates herein the allegations contained in the preceding paragraphs as if fully set forth herein.

51. The Franchise Agreement and Franchise Modification Agreement are valid and enforceable contracts between Padgett and Merante.

52. BookSmarts has induced Merante to breach his contractual obligations to Padgett under those agreements.

53. In so doing, BookSmarts acted improperly, wrongfully, and without privilege, and with malice and the intent to injure Padgett.

55. BookSmarts is a stranger to the contractual and business relationship between Padgett and Merante.

55. As a consequence of BookSmarts' actions, Padgett has been harmed.

## FIFTH CLAIM FOR RELIEF
### EXPENSES OF LITIGATION, INCLUDING ATTORNEYS' FEES
(Merante)

56. Padgett realleges and incorporates herein by this reference the allegations in the preceding paragraphs as if set forth fully herein.

57. Pursuant to the terms of the Franchise Agreement and the Franchise Modification Agreement, Padgett is entitled to its costs and reasonable attorneys' fees in connection with this action.

## PRAYER

WHEREFORE, Padgett requests that the Court issue an injunction:

1. Ordering Merante to immediately cease providing services to his former Padgett clients; immediately cease communicating in any way with those clients without Padgett's express consent; immediately return to Padgett all of its intellectual and tangible property now in Merante's possession (including, without limitation, operations manuals, client and customer lists, software, forms and files, instructions, and any other materials that constitute or include intellectual or tangible property belonging to Padgett); and immediately provide full cooperation to Padgett, as Padgett directs, in the orderly transfer of clients and property (intellectual and tangible) back to Padgett.

2. Enjoining Merante, and all persons acting in concert or in conspiracy with him, under his control or on his behalf, directly or indirectly, from operating a business that competes with Padgett in violation of the contractual provisions of the Franchise Agreement

for a period of two years from the date of the injunction, except as expressly permitted under the Franchise Modification Agreement; from diverting or attempting to divert any customers from Padgett; from causing likelihood of confusion, deception, or mistake as to the source, nature or quality of his services or from aiding and abetting any other person in performing the aforesaid activities; and from using intellectual or tangible property belonging to Padgett in any way without Padgett's express consent.

3. Requiring Merante, and all persons acting in concert or in conspiracy with him, under his control or on his behalf, directly or indirectly, including (without limitation) BookSmarts, to comply with the terms of the Franchise Agreement, as modified by the Franchise Modification Agreement.

4. Requiring Merante to deliver to Padgett, and directing Merante to file with this Court and serve on Padgett within three business days after issuance of the injunction, a report in writing, under oath, setting forth in detail the steps he has taken to comply with the injunction.

Padgett also requests an award of damages to compensate it for the wrongful conduct by Merante and BookSmarts described herein, in an amount to be determined at trial; that Merante pay Padgett's expenses in this action, including interest and reasonable attorneys' fees, pursuant to the terms of the Franchise Agreement and the Franchise Modification Agreement; and that the Court grant Padgett such other relief as the Court deems just and proper.

Dated: March 26, 2015

        Respectfully submitted,

        */s/ Thomas F. Hollingsworth III*
        Thomas F. Hollingsworth III
        GA Bar No. 140858
        Blasingame, Burch, Garrard & Ashley, P.C.
        440 College Avenue
        P.O. Box 832
        Athens, Georgia 30603
        (706) 354-4000

        Of Counsel:
        Timothy J. Bryant
        PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
        One City Center
        P.O. Box 9546
        Portland, ME, 04112-9546
        (207) 791-3000

        *ATTORNEYS FOR PLAINTIFF SMALLBIZPROS, INC.,*
        *d/b/a PADGETT BUSINESS SERVICES*